IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SHELLIE SMITLEY, | * |
| Plaintiff, | * |
| v. | * |
| | * CV 124-164 |
| THE TRUE CITIZEN, INC., ROY F. CHALKER JR., and MARTHA CHALKER, | * |
| Defendants. | * |

**O R D E R**

Before the Court is the Parties' "Revised Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice" (the "Joint Motion"). (Doc. 34.) Pursuant to Eleventh Circuit precedent and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, as amended, the Court is required to scrutinize the proposed settlement agreement for fairness before approving it and entering judgment. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). On October 29, 2025, the Court denied the Parties' original motion for settlement approval. (Doc. 30, at 8.) The Parties now submit a renewed motion (Doc. 34), amended agreement (the "Agreement") (Doc. 34-1), and a declaration of Benjamin F. Barrett, Plaintiff's counsel, with itemized time and billing records attached (Doc. 34-2). For the following reasons, the Parties' renewed motion (Doc. 34) is **GRANTED**.

I. DISCUSSION

The Court previously found the presence of a bona fide dispute. (Doc. 30, at 3-4.) However, the Court denied the Parties' original motion because the Parties failed to provide sufficient evidence for the Court to determine whether the requested settlement amount and attorneys' fees are fair and reasonable. (Id. at 4-8.) The Court reviews the Agreement for these deficiencies.

**A. Fairness and Reasonableness of Settlement Amount**

"[W]here a plaintiff agrees to accept less than [her] full FLSA wages and liquidated damages, [she] has compromised [her] claim." Gerena v. Cato Env't Servs., Inc., No. 6:07-CV-1540, 2009 WL 975537, at *2 (M.D. Fla. Apr. 9, 2009). Defendants agreed to pay Plaintiff $21,000 in backpay. (Doc. 34-1, at 1.) Courts have considered several factors in determining whether a FLSA settlement is fair and reasonable:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

Hirsch v. Mister Sparky, Inc., No. 1:09-CV-2897, 2010 WL 11603091, at *2 (N.D. Ga. Oct. 19, 2010) (citations omitted). Courts, however, apply a strong presumption of fairness to FLSA settlements. Kyles v. Health First, Inc., No. 6:09-cv-1248, 2010

2

WL 11626713, at *2 (M.D. Fla. Oct. 26, 2010) (citing Cotton v. Hinton, 559 F.2d 1326, 1331 (5th Cir. 1977)).

The Court previously found no evidence of fraud and collusion or lack of independent representation. (Doc. 30, at 5.) The Parties agree the complexity, expense, and likely duration of the litigation supports the fairness of the settlement because, if this case continued, the Parties would face additional expenses "of additional discovery, motions practice, and, potentially, a trial on the merits." (Doc. 34, at 7.) The settlement also prevents further delay and uncertainty of the outcome. (Id.) As to the stage of the proceedings and amount of discovery completed, the Parties provided their initial disclosures, discussed the claim and defenses, and exchanged settlement demands. (Id.)

Next, Defendant claims Plaintiff's success on the merits depends on whether the small newspaper exemption or the enterprise defense apply. (Id.) As a result, Plaintiff's "decision to settle her claims included an evaluation of the likelihood of prevailing on the merits of her claim and the newspaper's defenses . . . as well as the amount of any additional fees and costs." (Id. at 7-8.) Based on the potential value of the claim, Plaintiff "concluded that the proposed settlement provides a fair and reasonable solution." (Id. at 8.) Moreover, both the Plaintiff's possible recovery and the opinions of counsel weigh in favor of finding the settlement fair and reasonable. (Id.)

3

Plaintiff asserts the total amount of unpaid overtime wages owed was $60,734, and, as stated above, Defendants argue various defenses that could bar, or significantly reduce, Plaintiff's recovery. (Id.) The Parties also represent that Plaintiff may not be entitled to liquidated damages if Defendants demonstrate that they acted in good faith and on reasonable belief that they complied with the law. (Id.) Finally, counsel for both Parties recommends judicial approval of the settlement based on their expertise in similar cases and after advising their client and negotiating with the opposing party. (Id. at 9.) After consideration of the above factors, the Court finds the settlement amount of $21,000 in unpaid wages to be fair and reasonable.

**B. Attorney's Fees and Costs**

The Court next turns to the proposed attorney's fees and costs, which it did not approve previously due to a lack of documentation as to how the attorney's fees were computed. (Doc. 30, at 7-8.) When a plaintiff settles for less than a full recovery, costs or fees paid to plaintiff's counsel are improper unless they are fair and reasonable. See Silva v. Miller, 307 F. App'x 349, 350-51 (11th Cir. 2009). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Id. at 351. The district court

4

determines what fee is reasonable by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The product of this formula is the "lodestar." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). Generally, the relevant legal community is that of the place where the case is filed. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the relevant legal market for this Court is the Augusta legal market, where the reasonable rate for more experienced attorneys is $450/hour, for other attorneys is $315/hour, and for paralegals is $150/hour. See Jackson v. Johnson, No. CV 123-074, Doc. 18 (S.D. Ga. Aug. 31, 2024); Whitesell Corp. v. Electrolux Home Prod., Inc., No. CV 103-050, 2021 WL 9316401, at *2 (S.D. Ga. July 20, 2021). When determining the lodestar, both the hours expended and the hourly rate must be reasonable. See Hensley, 461 U.S. at 433.

The Court directed the Parties to submit additional information to allow the Court to determine whether the attorney's fees and costs are fair and reasonable. (Doc. 30, at 7-8.) Plaintiff has provided itemized time records for all the work

5

Plaintiff's counsel, Benjamin F. Barrett, performed in this matter. (Doc. 34, at 9; Doc. 34-2.) The records show that Mr. Barrett spent 52.57 hours litigating this case. (Doc. 34-2, at 4-6.) The Parties request $14,000 in attorney's fees and costs. (Doc. 34-1, at 2.) Mr. Barrett represents that he typically requests an hourly rate of $500.00 in Atlanta before the Northern District of Georgia courts, but he recognizes the hourly rates approved in this District tend to be lower. (Doc. 34, at 10.) Using the requested $14,000 in attorney's fees and the 52.57 total expended hours, Mr. Barrett's hourly rate for this matter would be about $266.31/hour. Mr. Barrett also details his 38 years of experience as an attorney representing employees in employment litigation including wage-and-hour claims under the FLSA. (Id.) Based on the above reasonable rate for experienced attorneys in the Augusta market, the Court approves Plaintiff's hourly rate.

The Court now turns to the amount of time for which Plaintiff's attorney seeks to be compensated by reviewing the itemized time and billing records. (Doc. 34-2, at 4-6.) A review of the time expended reveals Plaintiff's requested number of hours is reasonable. (Id.) Therefore, the Court finds the total hours spent to be reasonable and takes no issue with the total amount of attorney's fees and costs requested.

6

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Parties' "Revised Joint Motion for Approval of Settlement Agreement and for Dismissal with Prejudice" (Doc. 34) and approves the Agreement (Doc. 34-1). The Parties stipulate to the dismissal of this action with prejudice upon approval of the Agreement. (Doc. 34, at 11.) Accordingly, **IT IS HEREBY ORDERED** that this matter is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED to TERMINATE** all other motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of February, 2026.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA